NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DENA K. JILBERT, *Petitioner*,

*v.*

THE HONORABLE CHUCK WHITEHEAD, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge*,

RYAN R. JILBERT, *Real Party in Interest*.

No. 1 CA-SA 17-0189
FILED 8-29-2017

Petition for Special Action from the Superior Court in Maricopa County
No. FC2014-050382
The Honorable Chuck Whitehead, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Pangerl Law Firm, P.L.L.C., Phoenix
By Regina M. Pangerl
*Counsel for Petitioner*

Stromfors Law Office P.C., Mesa
By Stephanie A. Stromfors
*Counsel for Real Party in Interest*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Michael J. Brown and Judge Randall M. Howe joined.

---

**McMURDIE**, Judge:

¶1        Dena K. Jilbert ("Mother") seeks special action relief from two superior court orders: (1) dated May 30, 2017, ("May Order") removing Scott Fitzwater as a therapeutic interventionist ("Interventionist") for her two sons; and (2) dated July 13, 2017, ("July Order") ordering an intensive therapeutic intervention program to occur in Arizona. For the following reasons, we accept jurisdiction, grant relief, and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Ryan R. Jilbert ("Father") are the parents of two special needs children: T.J., born in 2002, and A.J., born in 2003 ("the Children"). Mother filed a petition for dissolution of marriage on October 10, 2014. In May 2016, the court accepted the parties' settlement agreement regarding temporary orders, awarding Mother temporary sole legal decision-making and sole physical care of the Children. The agreement provided Mother would move to Oregon with the Children, which she did in November, 2014.

¶3        Mother alleges Father physically abused the Children, causing them severe psychological harm. In April 2016, T.J. attempted to commit suicide due to his PTSD resulting from Father's abuse. Father last visited with T.J. in January 2015, and with A.J. in October 2014.

¶4        On September 23, 2016, Father requested the court appoint Scott Fitzwater as the Interventionist, to which the court appointed Best Interest Attorney ("BIA") and a Court Appointed Advisor agreed. On March 13, 2017, the BIA filed a motion to appoint a new Interventionist. On May 30, 2017, the court granted the BIA's motion, discharging Fitzwater. The court also ordered the parties to submit a blind list of four professionals to replace Fitzwater as the Interventionist.

¶5        On June 19, 2017, Father filed an Emergency Motion for Temporary Orders requesting the court award legal decision-making and

parenting time of T.J. to Father to prevent further alienation by Mother. On July 5, 2017, the superior court held a hearing on temporary orders. The superior court did not rule on Father's temporary order request but entered a therapeutic intervention order that would require the Children to be in Arizona. The final hearing on the dissolution petition is currently set for October 4, 2017.

## SPECIAL ACTION JURISDICSION

**¶6**　　　　Special action jurisdiction is appropriate for temporary orders under Arizona Revised Statutes ("A.R.S.") section 25-404, because they are "merely preparatory to a later proceeding" that might affect the judgment or its enforcement; they are thus not appealable, leaving a party with no adequate remedy by appeal. *Gutierrez v. Fox*, 242 Ariz. 259, 264, ¶ 12 (App. 2017); *see* Ariz. R.P. Spec. Act. 1(a).[1] We have discretion to accept special action jurisdiction over temporary orders. *Gutierrez*, 242 Ariz. at 264, ¶ 12.

**¶7**　　　　In the exercise of our discretion, we accept special action jurisdiction pursuant to A.R.S. § 12-120.21(A)(4) and Arizona Rule of Procedure for Special Action 1(a).

## DISCUSSION

**¶8**　　　　Mother contends the superior court abused its discretion when it: (1) ordered an intensive therapeutic treatment in Arizona after an evidentiary hearing on Father's motion to modify temporary orders of legal decision-making and parenting time; and (2) failed to provide Mother sufficient time to file an objection to the proposed order lodged after the temporary orders hearing.[2]

**A.    Intensive Therapeutic Treatment in Arizona.**

**¶9**　　　　Mother argues the July Order is invalid because (1) it exceeded the scope of the hearing, (2) Father did not request the relief awarded, and (3) the court exceeded its jurisdiction by awarding extensive

---

[1]    We cite to the current version of applicable statutes and rules when no revision material to this case has occurred.

[2]    Mother raised other issues regarding the superior court's procedure as well as the May Order. In our discretion, none of the other issues warrant special action intervention, or are mooted by our remand for further proceedings. *See State v. Hardwick*, 183 Ariz. 649, 657 (App. 1995) (once the court finds grounds for resolution it may decline to reach remaining issues).

mental health legal decision-making to a court-appointed expert without first finding Mother unfit to be a parent.

¶10　　　　We disagree with Mother's arguments regarding the scope of the July evidentiary hearing and Father's requested relief. Father requested "legal care custody and control" over one child "with physical placement" at "paternal grandparents." Additionally, Father requested Mother and the Children travel to Arizona for one to two weeks of Intensive Family Transformation through Forensic Counseling and Evaluations, a team of professionals assembled to assist with the reunification process. Father thus requested a team of professionals be appointed, and asked the court to reevaluate the temporary orders then in place.

¶11　　　　Further, A.R.S. § 25-405(B) allows the court to seek the advice of professional personnel. As such, and considering the evidence provided, the court did not abuse its discretion by finding a team of interventionists appropriate to assist it. Moreover, "the court may order parties to engage in private mental health services, including . . . therapeutic interventions." Ariz. R. Fam. Law P. 95(A).

¶12　　　　The July Order, however, is completely silent regarding reevaluation of legal decision-making and parenting time. Because the court is ordering an intensive therapeutic intervention in Arizona, which will require the Children's presence in Arizona, the court was obligated at a minimum to set forth a parenting plan that would instruct the parties and guide their interactions during the intervention period. The court, however, failed to rule on Father's motion for a change of parenting time and legal decision-making. By failing to rule, the court abused its discretion.[3]

**B.　　Mother's Objection to Proposed Form of Order.**

¶13　　　　Mother argues the court entered its order prematurely, without considering her objection to the form of order proposed by Father. We agree.

---

[3]　　Mother also argues the authority assigned to the team of interventionists by the superior court amounts to a deprivation of her fundamental right to the care, custody, and control of the child. *See generally Santosky v. Kramer*, 455 U.S. 745, 753–54 (1982). We cannot, however, evaluate Mother's argument without assessing the scope of the superior court's ultimate determination of legal decision-making and parenting time.

¶14        Pursuant to Rule 81, Mother had five days to object to the proposed form of order submitted by Father. *See* Ariz. R. Fam. Law P. 81(C)(1) ("[T]he judgment shall not be . . . signed until the expiration of five (5) days after the proposed form thereof has been served upon opposing counsel . . . . The five-day provision may be waived by the court only upon an express written finding by minute order or otherwise of necessity to shorten time or to enter judgment without notice.")

¶15        The court did not expressly waive the five-day requirement and signed Father's proposed order on July 7, 2017, the day Mother was served by email. The clerk of the court filed the order on July 12, 2017, leaving Mother no time to object. Accordingly, Mother's right to object was violated and we remand for the court to consider the substance of Mother's objections before entering any amended temporary orders. Any resolution of the substance of Mother's objections is premature as the superior court has not ruled on the merits of the objections raised.

## CONCLUSION

We accept jurisdiction and remand for determination of temporary legal decision-making and parenting time that would accommodate the superior court's order regarding therapeutic intervention. The superior court should not reschedule the final trial currently set for October 4, 2017, to accommodate a hearing on the modification of the temporary order. *See* Ariz. R. Fam. Law P. 47(M) ("Temporary orders become ineffective and unenforceable . . . following entry of a final . . . order."). Before entering any amended temporary order after remand, the superior court shall also reconsider the substance of its therapeutic intervention order after consideration of Mother's objections to the form of order.



AMY M. WOOD • Clerk of the Court
FILED:  AA